UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| J.R. BYRGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:04-CV-147 |
| | ) | (VARLAN/SHIRLEY) |
| JOANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b), Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 10] and defendant's motion for summary judgment. [Doc. 12]. The plaintiff, J.R. Byrge, a minor, seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Commissioner, denying his application for childhood Supplemental Security Income ("SSI") benefits.

The ALJ made the following findings

1. The claimant is 14 years old and has not engaged in substantial gainful activity.

2. The claimant has Oppositional Defiant Disorder, Attention Deficit Hyperactivity Disorder, and Dysthymic Disorder, impairments which are severe.

> 3. The claimant does not have an impairment or combination of impairments which meets or medically equals the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.
>
> 4. The claimant has less than marked impairment of the domain of acquiring and using information.
>
> 5. The claimant has less than marked impairment of the domain of attending and completing tasks.
>
> 6. The claimant has less than marked impairment of the domain of interacting and relating with others.
>
> 7. The claimant has no marked impairment of the domain of moving about and manipulating objects.
>
> 8. The claimant has less than marked impairment of the domain of caring for himself/herself.
>
> 9. The claimant has less than marked impairment of the domain of health and physical well-being.
>
> 10. The claimant has no impairment (or combination of impairments) which is functionally equal in severity to a listed impairment.
>
> 11. The allegations made on the claimant's behalf are not credible.
>
> 12. The claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of this decision.

(Tr. 24-25).

Because this is a child's case, the five-step analysis is not used. Rather, if a child has a severe impairment, that child is disabled if there is an impairment, or combination of impairments that meets, medically equals, or functionally equals a listed impairment. Six areas of functioning,

2

referred to as domains, are considered in determining if an impairment functionally equals a listed impairment: (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for self, and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To be found disabled under functional equivalence, the impairments must result in marked limitations in two of these domains, or an extreme limitation in one domain. A marked limitation interferes "seriously" with the child's ability and an extreme limitation interferes "very seriously" with the child's ability. 20 C.F.R. § 416.926a(e).

Plaintiff does not argue that his impairments meet or medically equal a listed impairment. Rather, his argument concerns the ALJ's failure to consider the longitudinal evidence of disability, his finding that plaintiff's problems were based on a lack of motivation rather than a disabling impairment, and his analysis of the six domains.

First, plaintiff argues that the ALJ failed to appreciate the longitudinal history of his impairments, noting that his Global Assessment of Functioning was 45 at age five, 20 at age seven, and 50 at age nine and that the evidence shows that he had serious problems at home and at school from age five to age fourteen.

The Commissioner maintains, however, that the plaintiff's longitudinal history is not relevant because the time period before April 2001 is not at issue in this case. Gretta Smith, plaintiff's mother, filed an SSI application on behalf of her son in April 2001, alleging that he has been disabled since birth due to poor grades, inability to get along with others, and poor behavior. (Tr. 100-03). Therefore, the applicable time period in this case is from April 2001, the filing date

3

of plaintiff's SSI application[1], through February 2003, the date of ALJ's decision. Plaintiff was 12 years old at the time of his application date and was 14 years old at the time of the ALJ's decision. (Tr. 36, 100). While the Commissioner acknowledges that the plaintiff had problems nearly all his life, she maintains that the issue is plaintiff's functioning during the relevant time period.

Next, plaintiff contends that the ALJ's finding that his problems were based on a lack of motivation is not supported by substantial evidence, arguing that it is a "subjective and unsupported" position by the ALJ. The Commissioner contends, however, that the ALJ was entitled to make subjective comments regarding J.R.'s credibility and points out that the ALJ's decision did not turn totally on credibility but on the evidence that J.R. did not have an impairment, or combination of impairments, that met, medically equaled, or functionally equaled a listed impairment. The ALJ explained that he found that plaintiff's problems were not due to disabling impairments, but rather, were due to his lack of motivation. The ALJ noted that when the plaintiff tried to "be good" he succeeded and explained that the evidence supported a conclusion that, when motivated to do so, J.R. was able to attend and complete tasks (Tr. 22), such as hunting, fishing, riding his bike, and spending long periods of time away from home. (Tr. 19, 23). He also noted that J.R. had a tendency to blame others for his behavior rather than himself and that he did not make efforts to control his temper. (Tr. 19, 44). Furthermore, the Commissioner points out that the incidents that occurred outside the relevant time period that plaintiff cites in his brief are not determinative of plaintiff's condition after 2001.

---

[1] Plaintiff's mother had filed three previous applications on plaintiff's behalf, all of which were denied. Plaintiff has not requested that any of those applications be reopened, and the ALJ did not reopen any of them. (Tr. 17).

Lastly, plaintiff argues that he has marked limitations in the domains of acquiring and using information; attending and completing tasks; in his ability to care for himself; and in the health and physical well-being domain and that he has extreme limitation in the domain of interacting and relating to others. (Tr. 23). The plaintiff does not dispute the ALJ's finding that he had no limitation in the domain of moving about and manipulating objects. Id. However, the Commissioner insists that in each of these domains, the ALJ reasonably found less than marked impairments. (Tr. 22-24).

In the domains of acquiring and using information and attending and completing tasks, the ALJ explained that J.R. did not have deficits as severe as alleged. The ALJ explained that J.R. was able to leave the house, spend a significant amount of time without any supervision (Tr. 23), and complete tasks such as hunting, fishing, and riding his bike, as well as eating at a friend's house and safely navigating the streets on his own. (Tr. 23-24, 65). Although the Commissioner acknowledged that plaintiff could read only on the second grade level, she disputes the plaintiff's contention that he was unable to count beyond five, did not know his letters, and could not spell (Tr. 187, 248) and notes that Ms. Currie, plaintiff's sixth grade teacher, reported that he did not need special help to learn successfully. (Tr. 174). In February 2002, a school achievement test revealed that J.R. was competent and proficient in response to his assignments (Tr. 228), and in March 2002, plaintiff reported to Dr. Bhateja that his concentration and memory were both "O.K." (Tr. 335). In July 2002, he reported that he would be entering the eighth grade because his grades were "O.K." and he passed. (Tr. 332). Although Ms. Little reported in November 2001, that J.R. had difficulty with concentration, persistence, and pace, she explained that when he took his medication, his focus was sustained and that his cognitive functioning was age appropriate. (Tr. 211, 215). Based on the

Case 3:04-cv-00147   Document 15   Filed 06/27/05   Page 5 of 8   PageID #: 60

foregoing, the Commissioner insists that the ALJ reasonably concluded that, although J.R. had some problems with school, he did not have either a marked or an extreme limitation in these domains.

Plaintiff argues that he has extreme limitations in the domain of interacting and relating to others, but the ALJ found that J.R. had a less than marked limitation in this domain as well. (Tr. 23). The ALJ noted that plaintiff had one good friend, Chad, at school and that he was not motivated to get along with teachers or peers at school (Tr. 23, 41), noting that the ALJ found that J.R. could have controlled his temper and actions had he chosen to do so. For instance, the ALJ noted that in May 2002 J.R. reported to Dr. Bhateja that he had no complaints as long as he took his medication (Tr. 18, 333); in July 2002, J.R. explained that he had a bad temper when he failed to take his medication (Tr. 332); and in September 2002, Dr. Bahteja reported that he discussed J.R.'s behavior problems in school and noted that J.R. was not compliant with his medications. (Tr. 330). Lastly, the Commissioner asserts that the ALJ reasonably found that J.R. had less than marked limitation in the domain of ability to care for himself and in the domain of health and physical well-being, noting that he spends considerable time without any supervision and that he is physically healthy and visits a physician once a month for medication management. (Tr. 24-25).

Two state agency reviewers considered whether J.R. may have a marked or extreme limitation in the six domains. In July 2001, Dr. Sachs opined that plaintiff had no limitation or a less than marked limitation in every domain, except the domain of interacting and relating with others, which Dr. Sachs listed as a marked limitation. (Tr. 267-68). Later that same year in November 2001, Dr. Kourany opined that plaintiff's impairments did not meet, medically equal, or functionally equal a listed impairment. (Tr. 321-26), noting that J.R. had better functioning when he was compliant with his medication. (Tr. 324). The Commissioner insists that even if this Court

were to accept Dr. Sachs' opinion that Joshua had a marked limitation in the domain of interacting and

relating with others (Tr. 267-68), disability is still not established.

I find the Commissioner's arguments persuasive in this matter. As she points out, the relevant time period is from April 2001, the date of plaintiff's last application, through February 2003, the date of the ALJ's decision, so plaintiff's problems outside this period of time are not determinative. Also, I agree with the ALJ that plaintiff's problems were attributable largely to his lack of motivation and his failure to take his medication. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (condition controlled by medication is not disabling). Lastly, the ALJ discussed at great length his rationale regarding the six domains, and I find no error with his conclusion that plaintiff has less than marked functioning in all of the domains.

Based upon the foregoing, it is **RECOMMENDED** that the plaintiff's motion for summary judgment [Doc. 10] be **DENIED** and that the defendant's motion for summary judgment [Doc. 12] be **GRANTED.**[2]

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S.Ct 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).